IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEPHEN NIVENS,  *

v.  * CIVIL ACTION NO. RDB-10-2563

JAMES P. O'NEILL, et al,  *

## MEMORANDUM OPINION

On September 15, 2010, Stephen Nivens filed filed a Petition for Writ of Habeas Corpus. ECF No. 1. Because the status of his detention was unclear, the undersigned sought response from the Maryland Attorney General. ECF No. 3. The Response has been received (ECF No. 12), and Nivens has filed a reply. ECF No. 13. After examining these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2).

Nivens currently is in custody following the reversal of his 2008 convictions in the Circuit Court for Baltimore County for first-degree sexual offense and first-degree burglary. ECF No. 12, Exhibit 1 and Exhibit 2 at 33. An August 26, 2010 bail review hearing did not alter the status of Nivens's detention pending retrial. *Id.*, Exhibit 1 at 12. His application for leave to appeal this ruling is pending in the Court of Special Appeals of Maryland. *Id.; see also* Exhibit 3. His motion to dismiss the pending criminal action on double jeopardy grounds is pending in the Circuit Court. *Id.*, Exhibit 1 at 12 and Exhibits 4 and 5.

Before Nivens may seek habeas relief in federal court with regard to his double jeopardy and DNA claims, he must exhaust each claim presented to the federal court by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509 (1982), This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished after trial

and sentencing by proceeding with certain claims on direct appeal and thereafter seeking *certiorari* to the Court of Appeals, and with other claims by way of a post-conviction petition, followed by seeking leave to appeal in the Court of Special Appeals. Furthermore, although federal courts can review state bail orders through habeas corpus after exhaustion of state remedies, federal intervention in this discretionary determination is rare, and federal courts cannot require that state courts give reasons for the denial of bail. *See Jenkins v. Harvey*, 634 F.2d 130 (4th Cir. 1980); *Brown v. Fogel*, 387 F.2d 692 (4th Cir. 1967). Thus, while Nivens has not yet exhausted his bail claim, it appears unlikely that he would prevail on this issue even if entitled to adjudicate the claim in this forum.

Because the habeas corpus claims presented here have not been exhausted in the State courts, the instant action is premature. *See Gray v. Netherland*, 116 S.Ct. 2074, 2080-83 (1996). Thus, the case will be dismissed without prejudice by separate order and Nivens's nondispositive motions (ECF Nos. 5, 6, 7, 8, 11 and 14) denied. A certificate of appealability will not issue because Nivens has not made a "substantial showing of the denial of a constitutional right."[1]

December 15, 2010
(Date)

RICHARD D. BENNETT
UNITED STATES DISTRICT COURT

---

[1] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).